## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FOURTEEN (14) PIT BULL-TYPE DOGS SEIZED IN MONROE, MAINE,<br><br>DEFENDANTS-IN-REM | No. 1:24-cv-00183-JAW |

**MOTION FOR DEFAULT JUDGMENT AND DECREE OF FORFEITURE**

Pursuant to Federal Rule of Civil Procedure 55(b) and Rules C and G of the Supplemental Rules for Certain Admiralty and Maritime Claims, plaintiff, the United States of America, respectfully moves this Court for a default judgment and entry of a Decree of Forfeiture in the above-entitled action.

This motion is supported by:

1. the Verified Amended Complaint for Forfeiture *In Rem* filed on May 30, 2024, Dkt. 4;[1]

---

[1] As noted in the Amended Affidavit in Support of Entry of Default, the Verified Amended Complaint was filed during the period in which the published Notice of Forfeiture Action was being published daily online. Dkt. 12 at 2; *see also* Dkt. 4. Thus, the published Notice referenced "a verified Complaint for Forfeiture" rather than a verified Amended Complaint. *See* Dkt. 9-1 at 1.

The Verified Amended Complaint corrected a scrivener's error regarding the date of seizure and corrected that the defendant-in-rem assigned number USM-013 was female rather than male. Dkt. 4 at 1-2. The Amended Complaint also added additional descriptors of the colors of the defendants-in-rem assigned numbers USM-001, USM-012, and USM-013. *Id.* at 1 (describing defendant-in-rem assigned USM-001 as "red or auburn," defendant-in-rem assigned USM-012 as "fawn or red/white," and defendant-in-rem assigned USM-013 as "auburn or red/brown") (underlining added). The published Notice of Forfeiture Action, which began being published after the Verified Complaint—but before the Verified Amended Complaint—was filed, did not include these additional descriptors of the defendants-in-rem's colors but did correctly state that the defendant-in-rem assigned number USMS-013 was female. *See* Dkt. 9-1 at 1.

1

2. the acceptance of service by John Murphy, through counsel, dated June 17, 2024, Dkt. 5;

3. the process receipt and return regarding service upon Corey Elliott dated June 13, 2024, Dkt. 6;

4. the process receipt and return regarding service upon David Frazer dated May 30, 2024, Dkt. 7;

5. the process receipt and return regarding the service of process on defendants-in-rem dated June 11, 2024, Dkt. 8;

6. the advertising declaration dated June 25, 2024, Dkt. 9, and accompanying copies of the published Notice of Forfeiture Action and the Advertisement Certification Report, Dkt. 9-1;

7. the Amended Affidavit in Support of Entry of Default, Dkt. 12; and

8. the entry of default against the defendants-in-rem and all persons claiming an interest in the defendants-in-rem entered on July 29, 2024, Dkt. 11.

Pursuant to 18 U.S.C. § 1983:

In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.

18 U.S.C. § 1983(a)(4).

Pursuant to Rule G(5)(a)(i) of the Supplemental Rules of Civil Procedure for Certain Admiralty and Maritime Claims ("the Supplemental Rules"), a person asserting

"an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending."

The government must provide direct notice "to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." Supp. R. G(4)(b)(i). That notice of the action must state both "(A) the date when the notice is sent [and] (B) a deadline for filing a claim, at least 35 days after the notice is sent . . . ." Supp. R. G(4)(b)(ii). Unless a different time is set by the Court for good cause, a person to whom direct notice was sent must file a claim "by the time stated in a direct notice sent under Rule G(4)(b)." Supp. R. G(5)(a)(ii)(A).

Here, the United States identified three individuals who reasonably appear to be potential claimants on the facts known to the United States. Direct notices were served upon David Frazer and Corey Elliott in-hand, and direct notice was served upon John Murphy by Certified Mail through his attorney. Dkts. 5, 6, 7. The Notices of Forfeiture served upon each respective potential claimant gave notice that any claim must be filed within the earlier of: (a) sixty days from the date of the first publication of the Notice and (b) thirty-five days from the date of the Notice. *See* Dkt. 12 at 3-4.

Frazer's notice was dated May 30, 2024. He was served in-hand on that date. Dkt. 7. Therefore, Frazer's claim was due by July 5, 2024. *See* Supp. R. G(4)(b) and G(5)(a)(ii)(A).

Murphy's notice was dated June 10, 2024, and was sent to his attorney by Certified Mail that day. On June 17, 2024, Murphy's attorney acknowledged receipt. Dkt. 5. Therefore, Murphy's claim was due by July 15, 2024. *See* Supp. R. G(4)(b) and G(5)(a)(ii)(A).

3

Elliott's notice was dated June 13, 2024. He was served in-hand on that date. Dkt. 6. Therefore, Elliott's claim was due by July 18, 2024. *See* Supp. R. G(4)(b) and G(5)(a)(ii)(A).

To date, potential claimants Frazer, Murphy, and Elliott have not filed any claim to the defendants-in-rem, and the time for each individual to file such a claim has expired.

In addition to providing direct notice to reasonably apparent potential claimants, the government must, in most cases, publish notice of the action. *See* Supp. R. G(4)(a)(i). That notice must "state the times under Rule G(5) to file a claim and to answer." Supp. R. G(4)(a)(ii)(B). When the notice was published but direct notice was not sent to the claimant or their attorney, that claimant must file any claim "no later than 60 days after the first day of publication on an official internet government forfeiture site." Supp. R. G(5)(a)(ii)(B).

Here, the United States published notice of this action for thirty (30) consecutive days between May 22, 2024, and June 20, 2024, on the official government website www.forfeiture.gov. Dkts. 9, 9-1 at 3. The published Notice of Forfeiture Action gave potential claimants notice that any claim must be filed with the court within sixty days from the date of first publication (May 22, 2024). Dkt. 9-1 at 1. Therefore, any person claiming a legal interest in the defendants-in-rem, other than those potential claimants to whom notice was directly provided, was required to file a claim by July 22, 2024. *See* Supp. R. G(5)(a)(ii)(B). To date, no such potential claimant has filed any claim to the defendants-in-rem, and the time to file such a claim has expired.

The record demonstrates that no claims, contested or otherwise, have been filed against the defendants-in-rem, and the time to do so has expired.

WHEREFORE, the United States of America moves for a default judgment and entry of a Decree of Forfeiture in the above-entitled action ordering that the defendants-in-rem are forfeited to the United States of America, that no right, title, or interest shall exist in any other person or entity, and that the defendants-in-rem be disposed of according to law.

Dated:  August 5, 2024                    Respectfully submitted,

                                          DARCIE N. MCELWEE
                                        United States Attorney

BY:     */s/ Nicholas Heimbach*
        Assistant United States Attorney
        United States Attorney's Office
        100 Middle Street
        East Tower, 6th Floor
        Portland, Maine 04101
        (207) 780-3257
        Nicholas.heimbach@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on August 5, 2024, I caused the electronic filing of the foregoing Motion for Decree of Forfeiture with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the individuals and entities who have entered appearances in this case.

                                      DARCIE N. MCELWEE
                                      United States Attorney

BY:   */s/ Nicholas Heimbach*
           Nicholas Heimbach
           Assistant United States Attorney
           United States Attorney's Office
           100 Middle Street, East Tower, 6th Floor
           Portland, Maine 04101
           (207) 780-3257
           Nicholas.heimbach@usdoj.gov